**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT1,** | § § § § § § § | |
| **Plaintiff,** | § § | Civil Action No. 4:22-cv-00120 |
| v. | § § | |
| **ANNETTE F. CHANDLER-NEWTON, GONZALEZ FINANCIAL HOLDINGS, INC., aka GFH, INCORPORATED** | § § § § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT1, Asset-Backed Certificates, Series 2006-OPT1 ("Plaintiff" or "Deutsche"), complains of Annette F. Chandler-Newton, and Gonzalez Financial Holdings, Inc. aka GFH, Incorporated, Defendants, files this *Original Complaint*, and states as follows:

**I.     PARTIES**

1.     Plaintiff Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-OPT1, Asset-Backed Certificates, Series 2006-OPT is the trustee of a trustee of a trust with its principal place of business in California.

2.     Defendant Annette F. Chandler-Newton is an individual and may be served with process at her residence, 8524 Crestview Drive, North Richland Hills, Texas 76182 or at such other place as she may be found. Summons is requested.

3. Defendant Gonzalez Financial Holdings, Inc. aka GFH, Incorporated is a domestic for-profit corporation doing business in the State of Texas and may be served through its registered agent, David D. Gonzalez, 909 NE Loop 410, Suite 902, San Antonio, Texas 78209. Summons is requested.

## II.   PROPERTY

4. This proceeding concerns the following real property and improvements commonly known as 8524 Crestview Drive, North Richland Hills, Texas 76182 more particularly described as:

> LOT 15R, IN BLOCK 15, STONYBROOKE ADDITION, AN ADDITION TO THE CITY OF NORTH RICHLAND HILLS, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT RECORDED IN VOLUME 388-95, PAGE 58, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS (the "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

5. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

6. Deutsche is a national bank association and the trustee of a trust. A trustee who possesses "customary powers to hold, manage, and dispose of assets" is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). "[W]hen a trustee files a lawsuit in her name, her jurisdictional citizenship is the State to which she belongs." *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 357 (5th Cir. 2017) (quoting *Justice v. Wells Fargo Bank National Association*, 674 F. App'x 330, 332 (5th Cir. 2016) (quoting *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016))). A national

banking association is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348). Because Deutsche's main office is in California, Plaintiff is a citizen of California for diversity purposes. *See FFGGP, Inc. v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 3:16-CV-0742-M-BK, 2017 U.S. Dist. LEXIS 162336, at *6 (N.D. Tex. Sep. 6, 2017).

7. Defendant Annette F. Chandler-Newton is an individual and citizen of the state of Texas.

8. Defendant Gonzalez Financial Holdings, Inc. aka GFH, Incorporated is a corporation with its principal business in San Antonio, Texas. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Defendant Gonzalez Financial Holdings, Inc. aka GFH, Incorporated is a citizen of Texas for diversity purposes.

9. In this suit, Plaintiff seeks a declaratory judgment and foreclosure so it may enforce its security interest in the Property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the

amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas*, 737 F.3d at 341.

11. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. As of February 10, 2022, the total amount due was $158,013.38. Further, the Tarrant County Appraisal District has valued the Property at $222,989.00. Therefore, the amount in controversy is more than $75,000.00.

12. Venue is proper in the Northern District of Texas, Fort Worth Division, because this suit concerns title to real property located in Tarrant County, Texas. *See* 28 U.S.C. §§ 124, 1391(b)(2).

### IV.   FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about October 29, 1996, Oran T. Stein executed a Warranty Deed with Vendor's Lien ("Warranty Deed") in favor of Vernon Newton and Defendant Annette F. Chandler-Newton granting them title in the Property. The Warranty Deed was recorded in the Official Public Records of Tarrant County, Texas under Document Number D196217475.

15. On or about January 4, 2006, Defendant Annette F. Chandler-Newton ("Borrower") executed certain *Texas Home Equity Adjustable Rate Note* in the principal amount of $97,600.00 ("Note"), originally payable to Lenders Residential Mortgage Corp. ("Lenders Residential") and bearing interest at the initial rate of 8.450% per annum. A true and correct copy of the Note is attached hereto as **Exhibit A.**

16.     Concurrently with the Note, the Borrower and her husband at that time, Vernon Newton, executed that certain *Texas Home Equity Security Instrument* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting a security interest in certain real property and improvements located in Tarrant County, Texas. On March 2, 2006, the Security Instrument was recorded in the Official Public Records in Tarrant County, Texas under Document Number D206060086. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

17.     The Note was initially specially indorsed by Lenders Residential in favor of Option One Mortgage Corporation ("Option One"). The Note was then indorsed in blank by Option One, and there have been no other endorsements or allonges.

18.     Plaintiff is the current owner and holder of the Note. *See* **Exhibit A.**

19.     On February 6, 2010, Vernon Newton executed a Quitclaim Deed, conveying his interest in the Property to Borrower.  The Quitclaim Deed was filed in the Real Property Records of Tarrant County on March 5, 2010, as Instrument Number D210049431.

20.     Prior to the execution of the Loan Agreement, a Consent to Transfer of Tax Lien ("Consent to Transfer") was executed by Borrower and Vernon Newton on August 19, 2005. The Consent to Transfer provided consent for payment of all delinquent ad valorem taxes on the Property by GFH, Incorporated ("GFH").  Concurrently, a Deed of Trust – Tax Lien was executed pursuant to the Consent to Transfer agreement, granting GFH a security interest in the Property.  The Consent to Transfer, along with the Deed of Trust – Tax Lien, was filed in the Real Property Records of Tarrant County on August 23, 2005, as Instrument Number D205248021.  Upon information and belief, the Deed of Trust – Tax Lien was satisfied from the proceeds of the Loan Agreement in 2006.  However, no release of the Deed of Trust – Tax Lien

was ever filed. No action has been taken since 2005, by GFH, to enforce its tax lien on the Property.

21. Under the terms of the Loan Agreement, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees under the Note.

22. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

23. Borrower failed to make the payments under the terms of the Loan Agreement and a Notice of Default and request to cure was mailed to Borrower in accordance with the Loan Agreement and with section 51.002 (d) of the Texas Property Code on June 27, 2018. A true and correct copy of the Notice of Default dated June 27, 2018, is attached hereto as **Exhibit C**.

24. The Borrower failed to cure the default, and the maturity date of the debt was accelerated on September 25, 2018, when a Notice of Acceleration of Loan Maturity was mailed to the Borrower. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit D**.

25. After the acceleration of the debt, the Borrower applied and was working on a loss mitigation option to resolve the default under the Loan Agreement. On August 28, 2019, a Notice of Rescission of Acceleration of Loan Maturity was mailed to the Borrower advising her that the prior acceleration of the debt was rescinded without prejudice. A true and correct copy of the Notice of Recission of Acceleration of Loan Maturity is attached hereto as **Exhibit E.**

26. The Borrower was finally approved for a loan modification and executed a Loan Modification Agreement with Plaintiff on December 15, 2020, thereby modifying the terms of the Loan Agreement to cure the default. A true and correct copy of the executed Loan Modification Agreement is attached hereto as **Exhibit F**.

27. Subsequently, Borrower failed to make the payments under the terms of the Loan Agreement, as modified. The Loan Agreement is currently due for the October 1, 2021, payment, and all subsequent monthly payments. Notice of default and request to cure was mailed to Borrower in accordance with the Loan Agreement and with section 51.002 (d) of the Texas Property Code on November 18, 2021, A true and correct copy of the Notice of Default dated November 18, 2021, is attached hereto as **Exhibit G**.

28. The default was not cured, and the maturity of the debt is hereby accelerated by the filing of the instant action.

29. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property. Plaintiff also brings this suit to obtain a declaratory judgment that GFH's tax lien is extinguished by law and no longer presents a cloud on title to the Property. In the alternative, Plaintiff seeks a declaration that the tax lien of GFH has been satisfied and no longer encumbers the Property in question.

### V. CAUSE OF ACTION: DECLARATORY JUDGMENT (STANDING TO FORECLOSE)

18. The foregoing paragraphs are incorporated by reference for all purposes.

19. Plaintiff has standing to enforce the Security Instrument as holder and owner of the Note. *Hardaway v. Select Portfolio Servicing, Inc.*, No. 4:18-CV-1062, 2020 U.S. Dist. LEXIS 63172 at *8 (S.D. Tex. Apr. 10, 2020) (citing *Everbank v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.)) Plaintiff requests a declaration

from this Court that, as the owner and holder of the Note it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the Property.

20. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrower. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as further obligation under the subject Note and Security Instrument.

### VI.     CAUSE OF ACTION: FORECLOSURE

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. As the current owner and holder of the Note who has the right to enforce the Note and the Security Instrument, Plaintiff asserts a cause of action for foreclosure against Borrower. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrower, however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others). Therefore, Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Security Instrument and Texas Property Code § 51.002.

23. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the Borrower's failure to comply with the Loan Agreement. Plaintiff is therefore entitled to its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrower.

Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as further obligation under the subject Note and Security Instrument.

24. All conditions precedent for foreclosure have been performed or have occurred, and any other action required under applicable law and the loan agreement, contract, or lien sought to be foreclosed has been performed.

### VIII.   CAUSE OF ACTION: DECLARATORY JUDGMENT (EXTINGUISED LIEN)

25. The foregoing paragraphs are incorporated by reference for all purposes.

26. Plaintiff requests a declaration from the Court that the lien held by GFH on the Property is released and is extinguished by the commencement of this litigation. GFH's tax lien was satisfied through the proceeds of the 2006 Security Instrument, and there was a subsequent failure to release the lien.

### IX.   CAUSE OF ACTION: SUIT TO QUIET TITLE

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. In addition to the declaratory judgment causes of action, Plaintiff brings a claim to quiet title in its favor. That is, Plaintiff seeks a judgment that there are currently no valid liens on the Property other than Plaintiff's superior first lien. Any uncertainty as to the validity of the secured interests previously held by GFH creates a cloud on title. Therefore, Plaintiff requests that title shall be quieted as to any stranger to title.

29. Plaintiff seeks that a declaration that any competing interests in the Property would be extinguished when Plaintiff foreclose on the Property.

## X.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer, and that upon final hearing, the Court enter judgment granting declaring that (1) Plaintiff is the owner and holder of the Note, (2) Borrower is in default on her obligations on the Loan Agreement, (3) Plaintiff as the owner and holder of the Note has standing and is authorized to enforce the power of sale through non-judicial foreclosure of the Property pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, or alternatively, by judicial foreclosure, and (4) that the lien held by GFH on the Property is released and extinguished. Plaintiff further a declaratory judgment quieting title against the Property and requests attorneys' fees and costs of suit, not as a money a judgment against Defendants, but as further obligation under the subject Note and Security Instrument, and all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**